Curia, -per O’Neall, J.
In this case it is wholly unnecessary to consider the question whether the minority of John Chappell’s children would or would not arrest the prescription. For it is plain that the defendant, Zachariah, has, in no point of view, any right of way by prescription, He claims a wagon way. To say that he rode through the plaintiff’s woodland for any length of time, would not enable him to prescribe for a bridle path, much less could it be the beginning of a prescription for a wagon way, The first use of the road as a wagon way was by Freeman, in 1819, and it ought to be noted, that although he used a part of it, yet that that part was not on the plaintiff’s land, but on Freshby’s, now Free’s, land, so that it could not affect the plaintiff’s rights. But if it had been on the plaintiff’s land, still there was no further use of the way until 1824 or 1825, and after such a lapse of time, the use in 1819 cannot be connected with that in 1824 or 1825. To give rise to a prescription, the use must be continuous, and it cannot be pretended that an use, with an interval of at least five years, is any thing like continuous. From 1824 to 1843, when the way was obstructed, *139 is only nineteen years, and that is the end of any thing like prescription; for the period of time (twenty years) necessary to its completion has not expired. But the way, even for the time proved, ran through woodland; and it is perfectly clear that such an use is not enough. To give a right of way through woodland, there must be some notorious assertion of right, by an act done, which would be equal to a pedis possessio; such as, in Smith vs. Kinard, 2 Hill, 642, cutting out a road; or working upon it habitually, as is said in Sims vs. Davis & Tygart, Chev. R. 1. Here the only thing indicating a claim of right beyond the mere use, is the working on the road in 1837. One single act of that kind is not enough; but surely no inference or presumption in favor of the defendant can arise from a trespass committed on the land of minors. When this work occurred, the land belonged to the heirs of John Chappell, deceased, many of whom were minors.
In every respect, therefore, the defendant has failed, and this court, approving of the instructions of the presiding Judge to the jury in all respects, except as to infancy arresting prescription, (on which no opinion is intended to be given) and that not being at all important on the case proved, and the verdict meeting our entire approbation, the motion is dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.